Judge Underwoou,
delivered the opinion of the court.
The history of this case may be found ^ ^ars^’ 257. Upon the return of the cause to the circuit court, at the August term, 1821, the injunction was dissolved with damages, as to $200, part of a replevin bond, dated 19th December, 1814, and at the May term, 1825, a final decree was rendered, dismissing the bill as to the defendants, the Smiths, “it appearing to the court, that they have discharged their liability to the complainant, by paying the amount of the recourse on them,” and perpetuating the injunction as to the defendant Alkire, except so far as it had been dissolved. This decree cannot stand for several rea sons..
*5 There is nothing whatever, in the record, showing, when or how the Smiths discharged their liability to the complainant for the lost land. Nathan and Smith, jr. were liable, it would seem, from the contracts between Stipp and Alkire to the complainant, for $5 50 cents per acre, for eighty-six acres of the lost land, and that Stipp and Alkire owed them upon a bond given for the purchase of said land $277 50 cents. According to the principles settled by this court, the complainant should have been exonerated from the payment of this bond or note. This has not been done. The settlement should have been so made, as to direct the cancelment of this bond or note.
If the land had not been lost, Alkire would have owed on his bond the $277 50 cents, with interest to the Smiths, and Stipp would have owed Alkire the amount of the four notes, for $¡191 75 cents, each.. Now, if Stipp had paid the Smiths what Alkire owed them out of the money due to Alkire, it would have required the whole of Stipp’s first note, and all of the second, except $81 75 cents, to have paid the bond due the Smiths, with its accruing interest. This $81 75 cents, left of the second note, and the third and fourth notes would then have exhibited the amount due by Stipp to Alkire.
On the 1st of March, 1815, the aggregate, including interest, would be $486 56 cents, and no more. As the eighty-six acres of land were lost, Alkire became bound to Stipp for $344, therefor, on the 1st of March, 1815, according to his own shewing. Take this from the $486 56 cents, and there will remain $142 56 cents only. Make a further deduction of .$24 63 cents, instead of $44 63 cents, as stated through mistake, in the reported decisions of this court, and there will remain but $117 93, due Alkire, on the 1st of March, 1815; yet the court dissolved the injunction for $200, part of a replevin bond, dated in December, 1814. The record does not furnish us the means of making an accurate calculation, including the costs of the common law suits, but we are satisfied, that they could not have amounted to such a sum as would have justified a dissolution of the injunction for as much as $200.
Stipp prays for a conveyance, for so much land as was not lost. There were eighty-one and a half acres *6 saved out of the one hundred acres, which Charles Smith, sen. and George Smiths were bound for. We see no reason why this quantity should not be conveyed, unless it be, that the bond on George and Charles Smith, sen. is not filed, although the bill purports to exhibit it. No one of the Smith’s answered the bill. If the absence of an important exhibit, justified the withholding a decree upon taking the bill pro confesso, it was certainly improper to dismiss the bill, stating, that the Smiths, without exception, have discharged their liability, when it does not appear they have done so, and when it cannot be satisfactorily told, whether one, or all the liabilities incurred by the Smiths, are meant to be discharged by the decree. If all, then the decree means, that Charles Smith, sen. and George Smith, have settled their bond for the one hundred acres of land. We see nothing to justify such a presumption.
Hoggin, for plaintiff; Hanson, for defendant,
If the complainant failed to furnish data, upon which a decree could be rendered, administering justice with certainty, as to the Smiths, his bill might have been dismissed without prejudice; but when they did not answer, to dismiss the bill absolutely, upon the ground, that all their liabilities have been discharged, without proof of the fact in the record, cannot be otherwise than wrong.
The record does not exhibit all which is essential to enable us to render a precise decree. We do not clearly perceive what ought to be done in every branch of the case, but we see clearly, that what has been done since the cause was remanded, falls short of that required by the decision of this court and the justice of the case as it now stands. It may be, that the record has been improperly transcribed. We think it fair to presume, from the decree, that there was some, evidence before the circuit court, which is not before, us. Under these circumstances, we deem it proper to reverse the decree and remand the cause for other proceedings, not inconsistent herewith. An opportunity may be afforded, to complete the record, if it be deficient on the return of the cause.
The decree is reversed with costs.